**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 01-7877**

———————

REGINALD SHERWOOD GRADY,

Plaintiff - Appellant,

versus

W. B. ZIEVERINK; MURIEL K. OFFERMAN; RON
STARLING; WILLIAM L. PRITCHARD,

Defendants - Appellees,

and

TIM BELL; BRADY N. THOMPSON; DANIEL PETERS; L.
P. LEARNARD; L. R. SMITH; T. G. EFFLER; DONALD
R. SMITH,

Defendants.

———————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  W. Earl Britt, Senior
District Judge.  (CA-00-94-5-BR)

———————

Submitted:  March 14, 2002          Decided:  March 22, 2002

———————

Before NIEMEYER and KING, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Dismissed by unpublished per curiam opinion.

Reginald Sherwood Grady, Appellant Pro Se.  David J. Adinolfi, II, Assistant Attorney General, Raleigh, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Reginald Sherwood Grady seeks to appeal the district court's order denying his 42 U.S.C.A. § 1983 (West Supp. 2001) action. We dismiss the appeal for lack of jurisdiction, because Grady's notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, see Fed. R. App. P. 4(a)(1), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on August 15, 2001. Grady's notice of appeal was filed on October 14, 2001.[*] Because Grady failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*] For the purpose of this appeal we assume that the date appearing on the notice of appeal is the earliest date it could have been given to prison officials for mailing. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).